**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Dennith** | | **Newsome** |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | **Crystal** | | **Adams-Newsome** |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Northern** District of: **Illinois**
(state)

Case number (if known) **19-05457**

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$455.00 per month for 36 month(s)

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor 1 | **Dennith** | | **Newsome** | Case number | **19-05457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
- [ ] Debtor(s) will make payments pursuant to a payroll deduction order.
- [x] Debtor(s) will make payments directly to the trustee.
- [ ] Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*
- [ ] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- [x] Debtor(s) will treat income tax refunds as follows: <u>On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee.</u>

**2.4 Additional payments.**

*Check one.*
- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** <u>$16,380.00</u>

## Part 3:  Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check all that apply.*
- [x] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Debtor 1 | **Dennith** | | **Newsome** | Case number | **19-05457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a)   payment of the underlying debt determined under nonbankruptcy law, or

(b)   discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| JEFFERSON CAPITAL SYSTEM | $9,975.19 | BMW X5 | $6,425.00 | | $6,425.00 | 7.00% | $127.23 | $7,633.80 |
| NPRTO Illinois LLC | $3,013.35 | Bedroom furniture, living room furniture, dining room furniture | $300.00 | | $300.00 | 3.00% | $5.40 | $324.00 |

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(a)   incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of       the debtor(s), or

(b)   incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Wells Fargo | 2003 Chevrolet Tahoe | $500.00 | 7.00% | $10.11<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $555.84 |
| Progressive Leasing | Diamond Ring | $2,000.00 | 3.00% | $39.61<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $2,223.36 |

| Debtor 1 | **Dennith** | | **Newsome** | Case number | **19-05457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.4 Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.5 Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor 1 | **Dennith** | | **Newsome** | Case number | **19-05457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 5.40% of plan payments; and during the plan term, they are estimated to total $884.52

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,940.00

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ The debtor(s) estimate the total amount of other priority claims to be $7,450.90

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of

☑ 10.00% of the total amount of these claims, an estimated payment of $3,423.21

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00 Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

| Debtor 1 | **Dennith** | | **Newsome** | Case number | **19-05457** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor 1 | Dennith | | Newsome | Case number | 19-05457 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Landlord | Residential Lease | $0.00<br>Disbursed by:<br>☐ Trustee<br>☒ Debtor(s) | $0.00 | | $0.00 |

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon.

*Check the applicable box:*

☐ plan confirmation.
☒ entry of discharge
☐ other

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

1. Wells Fargo shall receive pre-confirmation adequate protection payments in the amount of $10.11 per month.

2. Progressive Leasing shall receive pre-confirmation adequate protection payments in the amount of $39.61 per month.

3. Jefferson Capital System shall receive pre-confirmation adequate protection payments in the amount of $127.23 per month.

4. NPRTO Illinois LLC shall receive pre-confirmation adequate protection payments in the amount of $5.40 per month.

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

✗ _____                          ✗ _____
Signature of Debtor 1                                  Signature of Debtor 2

Executed on _____                            Executed on _____
            MM / DD / YYYY                                          MM / DD / YYYY

✗ /s/ Andrew B Carroll                                 Date   2/28/2019
Signature of Attorney for Debtor(s)                           MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $7,957.80 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $2,779.20 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $12,275.42 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $3,423.21 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | $26,435.63 |

United States Bankruptcy Court
Northern District of Illinois

```
In re:                                                          Case No. 19-05457-TAB
Dennith Newsome                                                 Chapter 13
Crystal Adams-Newsome
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0752-1          User: froman                 Page 1 of 2                  Date Rcvd: Mar 01, 2019
                              Form ID: pdf001              Total Noticed: 25
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 03, 2019.
```
db/jdb         +Dennith Newsome,    Crystal Adams-Newsome,    9700 S. Yates,    Chicago, IL 60617-4972
27597194      ++CHOICE RECOVERY INC,    1550 OLD HENDERSON ROAD,    STE 100,    COLUMBUS OH 43220-3662
               (address filed with court: CHOICE RECOVERY,     1550 Old Henderson Road, Suite S100,
                 Columbus, OH 43220)
27597214       +CREDIT ACCEPTANCE,    PO BOX 513,    Southfield, MI 48037-0513
27597209       +Cerastes,    2001 WESTERN AVENUE, STE 400,    WEINSTEIN,PINSON AND RILEY, PS,
                 Seattle, WA 98121-3132
27597204       +Christie Clinic,    P.O Box 672,    Moline, IL 61266-0672
27597210       +City of Chicago - Dep't of Revenue,    PO Box 88292,    Chicago, IL 60680-1292
27597199        FIRST PREMIER BANK,    Jefferson Capital Systems, LLC PO Box 79,    c/o Kelly Lukason,
                 Saint Cloud, MN 56302
27597211       +IDOR-Bankruptcy Section,    PO Box 64338,    Chicago, IL 60664-0291
27597207       +People's Gas,    130 E. Randolph Drive,    Chicago, IL 60601-6207
27597198       +UNITED RESOURCE SYSTEM,    3501 S TELLER ST,    LAKEWOOD, CO 80235-2011
27597201       +Wells Fargo,    Po Box 563966,    Charlotte, NC 28256-3966
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
27597203       +E-mail/Text: DLILBANKRUPTCYGROUP@ameren.com Mar 02 2019 02:53:47      Ameren Illinois,
                 300 Liberty St,    Peoria, IL 61602-1404
27597206       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Mar 02 2019 03:03:13
                 American InfoSource LP as agents for T-Mobile,    c/o Blake Hogan,    PO Box 248848,
                 Oklahoma City, OK 73124-8848
27597194        E-mail/Text: bankrupt@choicerecovery.com Mar 02 2019 02:51:47      CHOICE RECOVERY,
                 1550 Old Henderson Road, Suite S100,    Columbus, OH 43220
27597193       +E-mail/PDF: creditonebknotifications@resurgent.com Mar 02 2019 03:01:50      CREDIT ONE BANK NA,
                 PO BOX 98875,    LAS VEGAS, NV 89193-8875
27597197       +E-mail/Text: Harris@ebn.phinsolutions.com Mar 02 2019 02:55:31      Harris & Harris LTD,
                 111 West Jackson Boulevard Suite 400,    Chicago, IL 60604-4135
27597200       +E-mail/Text: cio.bncmail@irs.gov Mar 02 2019 02:52:25      IRS,    Po Box 7346,
                 Philadelphia, PA 19101-7346
27597212        E-mail/Text: JCAP_BNC_Notices@jcap.com Mar 02 2019 02:53:56      JEFFERSON CAPITAL  SYSTEM,
                 16 MCLELAND RD,    SAINT CLOUD, MN 56303
27597215       +E-mail/PDF: resurgentbknotifications@resurgent.com Mar 02 2019 03:00:29      LVNV FUNDING,
                 C/O RESURGENT CAPI PO BOX 10497    MS,    GREENVILLE, SC 29603-0497
27597213       +E-mail/Text: ecfbankruptcy@progleasing.com Mar 02 2019 02:53:42      NPRTO Illinois LLC,
                 256 West Data Drive,    Draper, UT 84020-2315
27597216       +E-mail/PDF: resurgentbknotifications@resurgent.com Mar 02 2019 03:01:53      PYOD LLC,
                 Po Box 19008,    Greenville, SC 29602-9008
27597202       +E-mail/Text: ecfbankruptcy@progleasing.com Mar 02 2019 02:53:42      Progressive Leasing,
                 256 W. Data Drive,    Drapper, UT 84020-2315
27597205       +E-mail/Text: bnc-quantum@quantum3group.com Mar 02 2019 02:53:02      Quantum 3 Group LLC,
                 Po Box 788,    Kirkland, WA 98083-0788
27597195       +E-mail/Text: bnc-bluestem@quantum3group.com Mar 02 2019 02:54:49      WEBBNK/FHUT,
                 6250 RIDGEWOOD ROA,    SAINT CLOUD, MN 56303-0820
27597208       +E-mail/PDF: bk@worldacceptance.com Mar 02 2019 03:03:08      World Acceptance Corporation,
                 PO Box 6429,    Greenville, SC 29606-6429
27597196       +E-mail/PDF: bk@worldacceptance.com Mar 02 2019 03:01:50      World Finance,    Po Box 6429,
                 Greenville, SC 29606-6429
                                                                                              TOTAL: 15
```

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 03, 2019                           Signature:  /s/Joseph Speetjens

```
District/off: 0752-1          User: froman              Page 2 of 2            Date Rcvd: Mar 01, 2019
                              Form ID: pdf001           Total Noticed: 25
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 28, 2019 at the address(es) listed below:
        Andrew B Carroll   on behalf of Debtor 2 Crystal  Adams-Newsome acarroll@semradlaw.com,
         ilnb.courtview@SLFCourtview.com
        Andrew B Carroll   on behalf of Debtor 1 Dennith  Newsome acarroll@semradlaw.com,
         ilnb.courtview@SLFCourtview.com
        Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                           TOTAL: 3